Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff,*
*Cristina Wiseman*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRISTINA WISEMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**FARMAR LAW GROUP, P.C., CROWN ASSET MANAGEMENT, LLC, and SECOND ROUND, LP,**<br><br>Defendants. | Case No: '21CV0177 JM   RBB<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.<br>2. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32; AND<br>3. NELIGENCE<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Cristina Wiseman, ("Plaintiff" or "Ms. Wiseman"), through Plaintiff's attorneys, brings this action to challenge the actions of FarMar Law Group, P.C. ("FarMar"), Crown Asset Management, LLC ("Crown Asset"), and Second Round, LP ("Second Round") (collectively referred to as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. While many violations are described here with specificity, this Complaint alleges violations of the FDCPA and Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (hereinafter "RFDCPA" or "Rosenthal Act") in their entirety.

8. Violations of the FDCPA and RFDCPA by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

9. All violations alleged regarding the FDCPA and RFDCPA are material violations of the FDCPA and RFDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of Defendants, with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

11. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

12. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## Jurisdiction and Venue

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.
14. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and California's Rosenthal Act.
15. Because Defendants do business within the State of California, personal jurisdiction is established.
16. Venue is proper pursuant to 28 U.S.C. § 1391.
17. At all times relevant, Defendants conducted business within the State of California.

## Parties

18. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, City of San Diego, in this judicial district.
19. Plaintiff is informed and believes, and thereon alleges, that that FarMar is, and at all times mentioned herein was, a corporation organized under the laws of California, with its principal place of business in the city of Sherman Oaks, California.
20. Plaintiff is informed and believes, and thereon alleges, that that Crown Asset is, and at all times mentioned herein was, a limited liability company organized under the laws of Georgia, with its principal place of business in the city of Duluth, Georgia.
21. Plaintiff is informed and believes, and thereon alleges, that that Second Round is, and at all times mentioned herein was, a limited partnership organized under the laws of Texas, with its principal place of business in the city of San Marcos, Texas.
22. Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of California, in the County and City of San Diego, within this judicial district.

23. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

24. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

25. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

26. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

27. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

**<u>Crown Asset Account</u>**

28. Sometime prior to 2017, Plaintiff incurred certain financial obligations to Synchrony Bank ("Synchrony").

29. At some point Plaintiff became delinquent on these financial obligations.

30. These financial obligations were primarily for personal purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5). The debt was later sold, transferred or conveyed to Crown Asset for collection.

Complaint             *Wiseman v. Far Mar Law et al.*

31. On September 6, 2017 Crown Asset filed a suit against Plaintiff, Case No. 37-2017-00032990-CL-CL-NC, alleging she owed a debt in the amount of $3,215.22 ("1st Complaint") for a Synchrony account ending in 0075.

32. Also on or around September 15, 2017, Crown Asset filed a second suit (2nd Complaint) against Plaintiff, Case No. 37-2017-34687-CL-CL-NC, alleging she owed a debt in the amount of $1,029.42, for a Synchrony account ending in 0300.

33. Plaintiff disputed these debts and believed that Crown Asset and its agent engaged in certain unlawful practices.

34. In September 2018, Plaintiff and Crown Asset Management through its counsel Persolve LLC agreed to resolve all of their disputes, without admitting liability.

35. As a result, Crown Asset Management filed a dismissal <u>with prejudice</u> of both the 1st Complaint and 2nd Complaint around October 2018.

36. Nevertheless, sometime thereafter, Crown Asset retained FarMar to collect on the Synchrony account ending 0075, even though the 1st Complaint was dismissed with prejudice.

37. On July 28, 2019, FarMar sent a letter to Plaintiff in an attempt to collect the debt on behalf of Crown Asset relating to the account ending 0075, which was the subject of the 1st Complaint.

38. On or about February 25, 2020, FarMar filed suit against Plaintiff, Case No. 37-2020-00010301-CL-CL-NC, seeking to collect the alleged debt that Crown Asset already sued Plaintiff for in the 1s Complaint.

39. When Plaintiff was served with the suit from FarMar, she was frustrated and confused because she now was asked to pay again to Crown Asset, and genuinely believed that for some reason she now owed money to Crown Asset.

40. FarMar then sent a letter dated March 18, 2020 to Plaintiff in an attempt to collect upon the debt allegedly owned by Crown Asset relating to the Synchrony account ending in 0075.

41. In its March 18, 2020 letter, FarMar falsely claimed Plaintiff owed $3,440.22 on the account ending 0075 and offered to "settle" the alleged debt owed to Crown Asset for $2,615.00, providing Plaintiff pay by March 31, 2020.

42. Although FarMar and Crown Asset filed a lawsuit, they had no intention to litigate it, and that was a tactic to either hope that Plaintiff will default or threaten Plaintiff into paying on the debt.

43. On June 3, 2020, Plaintiff, through her attorneys, filed an answer the complaint in Case No. 37-2020-00010301-CL-CL-NC, raising several affirmative defenses, including a Res Judicata defense based on the prior actions brought by Crown Asset which were dismissed with prejudice in 2018. The Res Judicata defense referred to the prior action, and provided a case number for the previous action.

44. Crown Asset and FarMar used deceptive business practices in an effort to collect money for a debt that was resolved.

45. Plaintiff proceeded with her defense, served discovery on Crown Asset Management through FarMar, including Bill of Particulars, Requests for Admissions, and Requests for Production of documents on August 7, 2020.

46. No response followed.

47. Thereafter, on October 6, 2020, Plaintiff's attorney met and conferred with FarMar over the telephone requesting that FarMar serve supplemental responses.

48. No supplemental responses were served; however, FarMar provided limited documents informally on October 8, 2020.

49. Plaintiff subsequently noticed a deposition of Crown Asset's Most Qualified Representative on November 24, 2020. In response, FarMar notified Plaintiff that they will be dismissing the collection action.

50. On January 26, 2021, FarMar filed for a dismissal <u>without prejudice</u> of the entire action in Case No. 37-2020-00010301-CL-CL-NC as to Plaintiff and Crown Asset.

51. FarMar's and Crown Asset's dismissal of the action that had previously dismissed with prejudice is especially concerning, because it implies that they could seek to re-file the action at a later time.

### Second Round Account

52. Sometime prior to 2018, Plaintiff incurred certain financial obligations to ("Synchrony"). This was a separate account with Synchrony ending in 9807.
53. At some point Plaintiff became delinquent on these financial obligations.
54. These financial obligations were primarily for personal purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5). The debt was later sold, transferred or conveyed to Second Round for collection.
55. On or around October 5, 2018, FarMar filed a collection case against Plaintiff, Case No. 37-2018-00050451-CL-CL-NC. This case was filed on behalf of Second Round, which had allegedly purchased the Synchrony account belonging to Plaintiff, ending in 9807.
56. FarMar failed to serve the complaint on Plaintiff, as evidenced by a declaration of due diligence which was filed in Case No. 37-2018-00050451-CL-CL-NC on December 19, 2018.
57. Despite not providing notice of the suit to Plaintiff, FarMar filed for an entry of default on December 19, 2019. There was no default judgment granted in Second Round's favor.
58. Shortly thereafter Plaintiff received a call from FarMar. During this call, FarMar's representative falsely told Plaintiff that she was in default and insisting that Plaintiff sets up a payment plan and makes a down payment of $2,000.
59. Unfortunately, upon receiving the false notice from FarMar that a default was filed against her, Plaintiff believed that she must pay for this debt. Plaintiff agreed to enter into a payment plan to pay off the debt allegedly owed to Second Round because she thought that she could no longer challenge the debt and defend herself.

60. However, the representation made by FarMar was false and as of June 3, 2020, the case No. 37-2018-00050451-CL-CL-NC was still pending in San Diego Superior Court, and no default or default judgment had even been entered in favor of FarMar.
61. March 18, 2020, another letter was sent by FarMar directly to Plaintiff, stating the payment plan agreed upon by Plaintiff and FarMar for the debt allegedly owed to Second Round relating to the Synchrony account ending in 9807.
62. On May 26, 2020, Plaintiff, through her attorneys, filed an answer the complaint in Case No. 37-2018-00050451-CL-CL-NC, raising several affirmative defenses.
63. Plaintiff proceeded with her defense, served discovery on Second Round through FarMar, including Bill of Particulars, Requests for Admissions, and Requests for Production of documents on August 20, 2020.
64. No response to discovery followed.
65. Thereafter, on October 6, 2020, Plaintiff's attorney conferred with FarMar requesting that they serve supplemental responses.
66. No supplemental responses were served; however, FarMar provided limited documents informally on October 8, 2020.
67. After Plaintiff noticed a deposition of Second Round's Most Qualified Representative on December 1, 2020, FarMar then requested to continue the deposition shortly before the deposition date, and when Plaintiff attempted to reschedule it, it notified Plaintiff that they will be dismissing the collection action.
68. On January 26, 2021, FarMar filed for a dismissal without prejudice of the entire action in Case No. 37-2018-00050451-CL-CL-NC as to Plaintiff and Second Round.
69. Second Round and FarMar also did not intend to litigate the case against Plaintiff, and the filing of the complaint was a tactic to obtain a default judgment or hope that Plaintiff will pay money without challenging the debt.

70. Second Round and FarMar used deceptive business practices in an effort to collect money for a debt which was disputed by Plaintiff and falsely claimed a default judgment was entered against Plaintiff to coerce her to pay the amount FarMar alleged she owed.

### 15 U.S.C. 1692e

71. The Rosenthal Act incorporates its federal counterpart, the FDCPA through Cal. Civ. Code § 1788.17. This incorporation includes 15 U.S.C. § 1692e, which states, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes, but is not limited to:

- The false representation of the character, amount, or legal status of any debt;
- The threat to take any action that cannot legally be taken or that is not intended to be taken; and
- The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C § 1692e, subds. (2)(a), (5), & (10).

72. Here, in the Crown Asset case, FarMar filed a case based upon a debt which was the subject of a previous settlement.

73. Also, Crown Asset hired FarMar to collect upon this debt, when Crown Asset had been a party to the first case and settlement release agreement.

74. By these actions, Crown Asset and FarMar violated 15 U.S.C. § 1692e, e(2)(a), e(5), e(10).

75. In the case involving Second Round, FarMar falsely represented in a conversation with Plaintiff that it had a valid default judgment approved by a court of California in order to collect on an alleged debt.

76. FarMar and Second Round used a deceptive scare tactic in direct violation of 15 U.S.C. § 1692e subds (5), & (10).

### 15 U.S.C. 1692f & 1692d

77. All Defendants used various unfair, deceitful, and harassing tactics to collect the debts from Plaintiff, in violation of § 1692d.
78. Further, FarMar and Crown Asset collected on a debt that Plaintiff did not owe, and resolved it previously, in violation of § 1692f(1).

### 15 U.S.C. 1692c

79. Defendants contacted Plaintiff, a represented party, on a number of occasions, while being well aware that she was represented by an attorney.
80. Crown Asset was aware that Plaintiff was represented with respect to this debt as early as 2018, when Plaintiff through attorney, resolved the debts owed by Crown Asset.
81. Far Mar learned of an attorney sometime in early 2020, and yet continued to send Plaintiff letters. Even after Plaintiff's attorney filed and served answers to the Complaints, FarMar continued making calls to Plaintiff.
82. Second Round also learned at the latest, that Plaintiff was represented around the time Plaintiff filed an answer to the 2nd Complaint. Yet, Second Round through FarMar continued to contact Plaintiff.
83. All of these actions constitute a violation of § 1692c and Cal. Civ. Code § 1788,17 through incorporation.

### Cal Civ. Code §§ 1788, *et seq.*

84. The RFDCPA incorporates the above FDCPA provision through Cal. Civ. Code § 1788.17. Thus, in violating the above provision of the FDCPA, each Defendant violated Cal. Civ. Code § 1788.17.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 et seq.

85. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein against each Defendant.

86. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

87. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## SECOND CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE § 1788, ET SEQ.

88. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein against each Defendant.

89. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to the above-cited provisions of the FDCPA.

90. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ Code § 1788.30(c) from each Defendant.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

## [AGAINST ALL DEFENDANTS]

91. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

92. FarMar, Second Round, and Crown Asset owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights and act as a reasonably prudent debt collector.

93. By collecting on debts not owed, harassing Plaintiff, contacting Plaintiff while knowing she is represented, engaging in deceitful tactics, Defendants breached their duty of care.

94. Due to the conduct of each Defendant, as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

95. Plaintiff believes and alleges that Defendants' conduct constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from each Defendant in an amount according to proof at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant, and Plaintiff be awarded damages from each Defendant, as follows:

### First Cause of Action

### Violations of the FDCPA

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

### Second Cause of Action

### Violations of the RFDCPA

- An award of actual damages pursuant to California Civil Code §1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1788.30(c); and

- Any other relief this Court should deem just and proper.

## Third Cause of Action
## Negligence

- An award of compensatory damages, pursuant to Cal. Civ. Code §3333; and
- Any other relief this Court should deem just and proper.

### TRIAL BY JURY

96. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: January 29, 2021

By: /s/Yana Hart
Yana A. Hart, Esq.
*Attorneys for Plaintiff*
Cristina Wiseman